IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBIN CASOLINO and MICHAEL SCHUNK, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NORTHEAST SECURITIES, INC.; STEVE )<br>PERRONE, in his individual and official capacities; )<br>MITCHELL SKLAR, in his individual and official )<br>capacities; and MARK SKLAR, in his individual )<br>and official capacities, )<br>)<br>Defendants. ) | Civil Action No. _____<br><br>Original action pending in<br>the United States District Court for<br>the Eastern District of New York<br>under Civil Action No. 10 Civ. 0680 |

## **MOTION TO COMPEL**

Plaintiffs, Robin Casolino and Michael Schunk, through their attorneys, pursuant to Rule 45, move to compel the deposition of Eugenia Bokios, and state the following in support:

1. Rule 45 provides that the issuing court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45. A non-party's failure to obey must be excused if the subpoena "purports to require the nonparty to attend or produce at a place outside of the limits of Rule 45(c)(3)(A)(ii)." *Id*. Plaintiff's subpoena for Ms. Bokios's deposition dated March 24, 2011 (the "Subpoena") complies with the requirements of Rule 45, and Ms. Bokios has not moved to quash or modify it. Ms. Bokios has nonetheless refused to appear for her deposition.

2. This is an employment discrimination and retaliation in the action in the Federal District Court for the Eastern District of New York. In brief, Plaintiffs Casolino and Schunk were terminated by Defendants Northeast Securities, Inc. ("Northeast"), Mitchell Sklar, Mark Sklar, and Stephen Perrone (collectively, "Defendants") only one week after issuing complaints of sexual harassment and participating in an investigation regarding such complaints.

1

Defendants' stated reason for their termination was that Plaintiffs were downsized, but Plaintiffs were the only two employees terminated throughout the entire company. This action was commenced in February 17, 2010. (*See* D. Gottlieb Decl. ¶ 2, a copy of which is attached.)

3. Ms. Bokios is an experienced attorney. She graduated from the Northwestern School of Law in 1999. She is former general counsel of Defendant Northeast and is currently general counsel for Regal Securities, Inc. in Glenview, Illinois. (*See* D. Gottlieb Decl. ¶ 3.)

4. On February 11, 2011, Plaintiffs subpoenaed Ms. Bokios to produce certain documents believed to be relevant to Plaintiffs' claims against Defendants. (*See* D. Gottlieb Decl. ¶ 4.)

5. Thereafter, Plaintiffs' counsel made multiple attempts to contact Ms. Bokios informally to discuss the production of documents. Ms. Bokios did not respond to any of the telephone calls by Plaintiffs' counsel. (*See* D. Gottlieb Decl. ¶ 5.)

6. On March 14, 2011, more than a month after service of the subpoena *duces tecum* (and after the subpoenaed date for production), Ms. Bokios sent Plaintiffs' counsel a letter stating nothing other than that she was not in possession of any responsive documents. This response seemed incredible given that Ms. Bokios is an attorney and almost certainly would have retained documents responsive to the subpoena. (*See* D. Gottlieb Decl. ¶ 6.)

7. Thereafter, Plaintiffs' counsel attempted to contact Ms. Bokios informally to determine whether it would be necessary to take her deposition. On March 16, 2011, two days after her written response, Plaintiffs' counsel wrote to Ms. Bokios, thanked her for the written response to the subpoena, but advised her that a discussion was necessary to schedule her deposition. Plaintiffs' counsel advised that if she did not respond, Plaintiffs would simply subpoena her for a deposition. (*See* D. Gottlieb Decl. ¶ 7.)

8. On March 24, 2011, given that Ms. Bokios had not responded, Plaintiffs subpoenaed her to appear for a telephonic deposition on April 1, 2011 before the close of discovery. (*See* D. Gottlieb Decl. ¶ 8.)

9. The subpoena imposed on Ms. Bokios an affirmative legal obligation to appear. *See Builders Ass'n of Greater Chicago v. City of Chicago*, No. 96-CV-1122, 2001 WL 1002480, at *8 (N.D. Ill. Aug. 30, 2001) ("A subpoena is not a polite suggestion or an invitation to negotiate. It is a command, literal compliance with which is enforceable by the contempt power of the federal courts"). As a courtesy, Plaintiffs advised Ms. Bokios that since the deposition would take place by phone, even though a conference room had been set aside at a Chicago law firm for her appearance, an alternate location and time of Ms. Bokios' preference would be acceptable. (*See* D. Gottlieb Decl. ¶ 9.)

10. On March 30, 2011, Plaintiffs' counsel wrote Ms. Bokios to confirm her attendance for the deposition, as well as to again allow her to make more convenient arrangements. Ms. Bokios responded that day but offered no definitive indication as to whether or not she would appear. (*See* D. Gottlieb Decl. ¶ 10.)

11. On April 1, 2011, Ms. Bokios did not appear for her deposition. (*See* D. Gottlieb Decl. ¶ 11.)

12. Ms. Bokios did not object to the subpoena or move for a protective order. (*See* D. Gottlieb Decl. ¶ 12.)

13. Discovery in this action closed on April 4, 2011, and Defendants' motion for summary judgment is currently *sub judice*. Plaintiffs properly subpoenaed Ms. Bokios prior to the close of discovery and Defendants have at all times been aware of Plaintiffs' intention to take Ms. Bokios' deposition prior to trial. (*See* D. Gottlieb Decl. ¶ 13.)

14. Plaintiffs' counsel remains willing to take Ms. Bokios' deposition at a mutually convenient time and location and withdraw this motion. However, to the extent Ms. Bokios continues to evade her obligations pursuant to the subpoena and this application must be fully prosecuted, Plaintiffs respectfully request an order that Ms. Bokios pay all of Plaintiffs' reasonable attorneys' fees and costs to secure her appearance. *See* Fed. R. Civ. P. 37(a)(5)(A) (after granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion… to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees").

15. A copy of this motion is being simultaneously transmitted to Ms. Bokios at her last known address.

WHEREFORE, Plaintiffs respectfully request an order that Ms. Bokios be compelled to appear for a deposition, that she pay all reasonable attorneys' fees and costs associated with securing her appearance, and for any other relief this Court deems just and equitable.

Dated: October 11, 2011               ROBIN CASOLINO and MICHAEL SCHUNK


                                      By:      s/ John J. Scharkey
                                              One of Their Attorneys

John J. Scharkey
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, Illinois 60602
(312) 269-8000

NGEDOCS: 1845255.1